# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20-49-BLG-SPW |
| Plaintiff, | |
| vs. | **ORDER SETTING** |
| | **SENTENCING** |
| GLENN A. LARSON, | |
| Defendant. | |

Defendant entered her plea of guilty before U.S. Magistrate Judge Timothy J. Cavan in open court on June 25, 2020.  United States Magistrate Judge Timothy J. Cavan entered Findings and Recommendation in this matter on June 25, 2020 (Doc. 14).  No objections having been filed within fourteen days thereof,

IT IS HEREBY ORDERED that Judge Cavan's Findings and Recommendations (Doc. 14) are ADOPTED IN FULL;

Therefore,

IT IS HEREBY ORDERED that,

1.      Sentencing is set for **Thursday, November 19, 2020** at **1:30 p.m.**, in the James F. Battin Courthouse, 2601 Second Avenue North, Billings, Montana.

1

2.     The United States Probation Office shall conduct a presentence investigation and prepare a presentence report. Fed. R. Crim. P. 32(c), (d); 18 U.S.C. § 3552(a).

3.     The probation officer shall disclose the completed report, except for recommendations of the probation officer as follows: **two copies** to counsel for Defendant, and **one copy** to counsel for the government on or before **October 5, 2020.** The probation officer shall not disclose any recommendation made or to be made to the Court.

4.     If restitution is mandatory, the probation officer shall discuss a payment plan with Defendant and shall make recommendations to the Court concerning interest and a payment schedule.

5.     Counsel shall attempt in good faith to resolve disputes over any material in the presentence report. Unresolved objections to be relied upon at sentencing shall be presented to the probation officer on or before **October 15, 2020.** U.S.S.G. § 6A1.2. If there is a dispute over any material in the presentence report, counsel shall meet with the probation officer and attempt to resolve disputes informally by diligent good faith effort. Any requests for extensions of time to present objections to the probation officer must be granted by the Court. Extensions will not be granted absent compelling reasons. **Any unresolved**

**objections are expected to be included in the pre-sentence report, not in a sentencing memorandum.**

6.      The presentence report, in final form, including any unresolved objections, shall be delivered to the Court and the parties on or before **October 29, 2020.**

7.      Sentencing memoranda and supporting documents addressing all relevant sentencing issues shall be filed on or before **November 5, 2020.**  Absent good cause shown, sentencing memoranda and supporting documents filed after November 5, 2020 will not be considered in addressing sentencing issues.  Failure to timely file sentencing memoranda may result in imposition of sanctions against counsel.

8.      Responses to sentencing memoranda shall be filed on or before **November 12, 2020.**

9.      Reply briefs will not be accepted for filing in sentencing matters.

10.     The Court will resolve objections included in the Addendum to the presentence report at the sentencing hearing in accordance with U.S.S.G. § 6A1.3.

11.     All parties that intend to have witnesses testify at sentencing shall give notice to this Court ten (10) days prior to the sentencing date.

12.     Defendant is released under the same terms and conditions pending sentencing.

The clerk shall promptly notify counsel and the probation office of the entry of this Order.

DATED this 10ᵗʰ day of July, 2020.

SUSAN P. WATTERS
United States District Judge